380

No. 47,501

STATE OF KANSAS, *Appellee*, v. ISAIAH T. STRAUGHTER, *Appellant*.

(532 P. 2d 1071)

Opinion filed March 1, 1975.

*Michael B. Roach*, of Wichita, was on the brief for the appellant.

*Curt T. Schneider*, attorney general, *Keith Sanborn*, district attorney, *Clifford L. Bertholf*, assistant district attorney, and *K. Daniel Richey*, legal intern, were on the brief for the appellee.

*Per Curiam:* Isaiah T. Straughter was convicted by a jury of the offense of burglary.

Upon appeal he asserts the evidence was insufficient to sustain the charge. Appellant and a codefendant were discovered in the rear part of a Kings X Restaurant warehouse. The codefendant was inside a walk-in food freezer with a crowbar in his hand. Appellant was just outside the freezer. The latch had been beaten off the freezer. The two gave the explanation they were looking for work at a nearby carwash. It was raining and the carwash was closed. When this explanation was considered unsatisfactory by the employees the two ran. They were followed and persuaded to return. The day before they had been seen standing in front of the same freezer. Food had previously been stolen from it. The codefendant testified as a witness for appellant; he stated the two had gone inside the building to relieve themselves while waiting for the carwash to open; when discovered they were frightened and ran. The codefendant testified he had pleaded guilty to burglarizing the building at the time in question. No question is raised concerning the admissibility of any of the evidence and it sufficiently supports appellant's conviction.

Appellant further complains that, over his objection, the codefendant was permitted to remain seated at the counsel table with the prosecuting attorney while the testimony was being taken.

The general rule on the subject is stated in 23 CJS, Criminal Law, § 968, as follows:

". . . the presence in the courtroom during trial of other persons under indictment for the same offense, but who are to be tried separately, is within the discretion of the court, and it may refuse such presence, or it may permit

or require such a person to be present, such as for purposes of identification, or in order that accused's counsel may consult with him. . . ." (p. 876.)

Our only case on the subject is in accord with the foregoing. In *State v. Shive*, 59 Kan. 780, 54 Pac. 1061, it was held that, although a severance has been granted where two defendants are jointly charged, the trial court may on the trial of one require the presence in court of the other defendant so as to permit the witnesses to identify him. Here it was necessary for several Kings X employees to identify the codefendant as being in appellant's company on several occasions and there was the possibility of hearsay problems arising so as to require the codefendant's availability for cross-examination. Additionally the codefendant was appellant's only witness in a fruitless effort to exonerate him. Although the better practice might be to have the codefendant brought into court upon occasions as they singly arise, we cannot say the trial court abused its discretion in the procedure employed.

Judgment affirmed.